IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MANUEL ARION and AISHA ARION, ) | CIVIL NO. 13-00464 JMS/KSC |
| ) | |
| Petitioners, ) | ORDER GRANTING |
| ) | RESPONDENT'S MOTION TO |
| vs. ) | DISMISS, DOC. NO. 11 |
| ) | |
| CLIFF SATO, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DOC. NO. 11

### I. INTRODUCTION

On August 21, 2013, Petitioners Manuel Arion and Aisha Arion ("the Arions") filed a petition for a temporary restraining order ("TRO") and preliminary injunction in the District Court of the First Circuit, State of Hawaii, alleging that Cliff Sato, a mail carrier with the United States Postal Service, ("Sato"), verbally and physically harassed the Arions while delivering their mail. On August 21, 2013, an ex parte TRO issued. On September 13, 2013, Sato removed the case to this court.

Currently before the court is Sato's Motion to Dismiss and/or for Summary Judgment arguing that Sato is immune from suit under the Supremacy Clause for acts performed during the exercise of his federal duties in delivering the

mail. The Arions neither filed an Opposition nor appeared at the February 3, 2014 hearing. Based on the following, the Court GRANTS the Motion to Dismiss.

## II. BACKGROUND

**A.    Factual Background**

Pursuant to Local Rule 56.1(g), the material facts set forth in Sato's Concise Statement of Facts ("CSF") are deemed admitted due to the Arions' failure to file an Opposition.[1] As such, the court relies on those facts in reviewing the Motion.

Sato is a mail carrier for the United States Postal Service ("USPS"). Doc. No. 12, Resp't CSF ¶ 1. Postal regulations require customers to provide unobstructed access to their mailboxes. *Id.* ¶ 5; Doc. No. 11-4, Resp't Ex. B, USPS Domestic Mail Manual, §§ 508.3.2.6 and 508.3.1.4; 39 C.F.R. § 111.1 (incorporating by reference the USPS Domestic Mail Manual into the Code of Federal Regulations). The Regulations further provide that "[c]ustomers must keep the approach to their mailboxes clear of obstructions to allow a safe access for delivery." Doc. No. 11-4, Resp't Ex. B, USPS Domestic Mail Manual, § 508.3.1.4. If a mail carrier is impeded from reaching the mailbox, "the

---

[1] Because the jurisdictional question involved in the 12(b)(1) motion to dismiss is intertwined with the merits of the case, the court will treat the Motion to Dismiss as a motion for summary judgment under Rule 56. *See supra* at 5. Thus, under Local Rule 56.1(g), Sato's CSF is "deemed admitted."

postmaster may withdraw delivery service." *Id.*

The Arions live along Sato's regular route, and Sato has been their mail carrier for the last ten years. Doc. No. 12, Resp't CSF ¶¶ 1-2. The Arions have repeatedly blocked access to their mailbox with vehicles, trash cans, and large pieces of rubbish. *Id.* ¶ 6. Leading up to the date of incident, USPS had withheld the Arions' mail for ten days due to obstruction of their mailbox. *Id.* ¶ 9.

On August 20, 2013, the date of incident, the Arions' mailbox was blocked, and Manuel Arion ("Mr. Arion") was sitting outside of his home. *Id.* ¶ 10. According to Sato, when Sato attempted to deliver the mail, Mr. Arion approached Sato and yelled at him. *Id.* Sato explained that he was just doing his job and could not deliver the mail when the Arions blocked their mailbox. *Id.* There was no physical contact between the two men, and Sato did not threaten Arion. *Id.*

On August 21, 2013, the Arions filed a Petition in the District Court of the First Circuit, State of Hawaii, seeking an ex parte TRO and preliminary injunction against Sato. Doc. No. 1, Ex. A. Pursuant to Hawaii Revised Statutes ("HRS") § 604-10.5 prohibiting harassment, the Arions sought an order enjoining Sato from contacting, threatening, physically harassing, or telephoning the Arions and from entering or visiting the Arions' residence and place of employment. *Id.*

That same day, the court issued the TRO. *Id.*

**B.     Procedural Background**

On September 13, 2013, Sato removed the case to federal court. Doc. No. 1. On October 21, 2013, Magistrate Judge Kevin S.C. Chang held a Rule 16 Scheduling Conference, at which the Arions failed to appear. Doc. No. 10. On November 13, 2013, Sato filed the instant Motion. Doc. No. 11. On November 14, 2013, the court sent notice to the Arions of the due date for their Opposition, January 6, 2014, and the hearing date, February 3, 2014. Doc. No. 13. The notice also informed the Arions of their obligation to file an opposition to a motion for summary judgment. *Id.* The Arions did not file an Opposition. A hearing was held on February 3, 2014.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction. The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) so long as "the jurisdictional issue is [not] inextricable from the merits of a case." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). But where the jurisdictional question is intertwined with the merits of the case, the court will treat the motion to dismiss for lack of subject

matter jurisdiction under Rule 12(b)(1) as a motion for summary judgment under Rule 56.  *See Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  In this case, the jurisdictional issue and the merits of the case are intertwined.

The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law."  *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001) (citation and quotation signals omitted); *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

## IV.  DISCUSSION

Sato contends that this case should be dismissed based upon Supremacy Clause immunity because the Arions' allegations of harassment arise from the exercise of Sato's official duties as a federal employee.  The court agrees.

Pursuant to the Supremacy Clause,[2] states may not impede federal officials in the exercise of their duties to carry out federal laws.  *McCulloch v. Maryland*, 17 U.S. 316, 436 (1819).  As a general rule, Supremacy Clause

---

[2] "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const., art. VI, cl. 2.

immunity shields federal officers from state laws or prosecution under state law for actions taken in the course of their official duties so long as the actions were reasonably necessary for the performance of those duties. *See In re Neagle*, 135 U.S. 1, 75 (1890) (granting habeas relief to federal officer charged with murder); *Ohio v. Thomas*, 173 U.S. 276, 284 (1899) (holding that governor of federal eating house was not bound by state law requiring the establishment to post notice of its oleomargarine use); *Johnson v. Maryland*, 254 U.S. 51, 57 (1920) (holding that federal postal employee did not have to obtain state driver's license to operate government mail truck); *Clifton v. Cox*, 549 F.2d 722, 726-27 (9th Cir. 1977) (holding that Bureau of Narcotics and Dangerous Drugs agent was immune for a killing that occurred in the line of duty and noting that "acts done in connection with a mandatory duty apply with equal force to discretionary acts"); *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) (holding that "where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal").

       These cases amply demonstrate that the United States government, not the states, retains control over federal agents performing their official duties. *See Van Brocklin v. Anderson*, 117 U.S. 151 (1886). "The sovereignty of a state . . . does not extend to those means which are employed by congress to carry into

execution powers conferred on that body by the people of the United States." *Id*. Accordingly, federal agents have Supremacy Clause immunity from state law where they are performing their official duties, and both state and federal courts lack jurisdiction to enforce such state laws.

In this case, the Arions have in place a state court TRO that prohibits Sato from, among other things, entering or visiting the Arions' residence. The state court lacked jurisdiction to issue the TRO and this court lacks jurisdiction to enforce it.

In a 12(b)(1) action, the moving party "should prevail only if the material jurisdictional facts are not in dispute, and the moving party is entitled to prevail as a matter of law." *Casumpang*, 269 F.3d at 1060-61. Here, the material facts are undisputed, and Sato is entitled to prevail as a matter of law. Sato is a federal employee who had a duty to deliver mail. Doc. No. 12, Resp't CSF ¶ 1. Further, the incident at issue arose while Sato was delivering the mail. *Id.* ¶¶ 8, 10. Finally, no physical contact occurred, and Sato and Mr. Arion simply exchanged words regarding Sato's attempts to deliver the mail. *See* Doc. No. 11-12, Resp't Ex. J. Thus, Sato's interaction with Mr. Arion was "reasonably necessary" to perform his duty to deliver the mail, and enforcement of HRS § 604-10.5(a) against Sato would improperly and directly interfere with the performance of his

federal duties.  Accordingly, the court finds that Supremacy Clause immunity applies and that the court lacks jurisdiction over the Petition.

## V. CONCLUSION

For the reasons discussed above, the court GRANTS Respondent's Motion to Dismiss.  Any outstanding restraining orders are hereby dissolved.  The Clerk of Court is to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 6, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Arion v. Sato*, Civ. No. 13-00464 JMS/KSC, Order Granting Respondent's Motion to Dismiss, Doc. No. 11